REDDOT

# U.S. District Court
## District of South Carolina (Anderson/Greenwood)
## CRIMINAL DOCKET FOR CASE #: 8:01-cr-00291-GRA-2
### Internal Use Only

Case title: USA v. DeJesus, et al
Magistrate judge case number: 8:01-mj-00291

Date Filed: 05/22/2001

Assigned to: Judge G Ross Anderson, Jr

**Defendant**

**Lowell Martin** (2)
*TERMINATED: 02/21/2002*

represented by **Beattie B Ashmore**
Price Paschal and Ashmore
644 E Washington Street
Greenville, SC 29601
864-467-1001
Fax: 864-242-6560
Email: dlm@sctriallawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Thomas Stepp**
Federal Public Defender's Office
501 E McBee Avenue
Suite 202
Greenville, SC 29601
864-235-8714
Fax: 864-233-0188
Email: benjamin_stepp@fd.org
*TERMINATED: 06/13/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *Public Defender or*
*Community Defender Appointment*

**Everett P Godfrey, Jr**
Godfrey Law Firm
10 E Avenue
Greenville, SC 29601
864-467-9196

A TRUE COPY
ATTEST: LARRY W PROPES, CLERK

BY: _____
DEPUTY CLERK

Fax: 864-467-9427
Email: bill@godfreylawfirm.com
*TERMINATED: 02/21/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**                          **Disposition**

21:846 Did conspire to possess with
intent to distribute 5 kilograms or more
of cocaine, a Schedule II controlled       Dismissed
substance in violation of
21:841(a)(1)(April 25, 2001)
(1)

21:846 Conspiracy to possess with
intent to distribute 500 grams or more     The defendant is sentenced to 37
but less than 5 kilograms of cocaine or    months imprisonment and 4 years
more but less than 5 kilograms of          supervised release. 100 Special
cocaine MANUFACTURE                        Assessment
(1s)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

None

---

**Interested Party**

**All Out Bail Bonding**

---

**Interested Party**

**Nikki DeJesus**                 represented by  **Nikki DeJesus**
                                                  Surety/Julian DeJesus
                                                  2216 Flagler Place NW

Washington, DC 20001
202-233-8393
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Foster Bail Bonds**                    represented by  **Foster Bail Bonds**
                                        Surety for Michael Foster
                                        750 Glass St NW
                                        Atlanta, GA 30318
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**USA**                                  represented by  **Isaac Johnson, Jr**
                                        US Attorneys Office
                                        PO Box 10067
                                        Greenville, SC 29603
                                        864-282-2100
                                        Fax: 864-233-3158
                                        Email: ike.johnson@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2001 | 82 | MOTION by Lowell Martin to amend [80-1] judgment (pbri) (Entered: 02/21/2002) |
| 04/25/2001 | | ARREST of Julian Saquan DeJesus, Lowell Martin [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
| 04/25/2001 | 1 | COMPLAINT and WARRANTS as to Julian Saquan DeJesus, Lowell Martin, Mike Foster [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
| 04/25/2001 | 2 | Initial Appearance as to Lowell Martin held before Magistrate Judge William M. Catoe (Attorney FPD appointed ) non-surety BOND entered Amount $ 25,000.00 Location release Court reporter: ESR 01-07 281-715 [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
| 04/25/2001 | 4 | complaint WARRANT Returned Executed as to Lowell Martin on 4/25/01 [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
| 04/25/2001 | 5 | unsecured BOND entered by Lowell Martin in Amount $ 25,000.00 (Signed by Magistrate Judge William M. Catoe ) svd [ 8:01-m -291 ] |

(kric) (Entered: 04/27/2001)

| 04/26/2001 | 6 | ORDER Appointing Federal Public Defender for Lowell Martin ( Signed by Magistrate Judge William M. Catoe ) [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
|---|---|---|
| 04/27/2001 | | Added Government Attorney Isaac Johnson Jr. [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
| 04/27/2001 | | **Fax document [5-1] bond [ 8:01-m -291 ] (kric) (Entered: 04/27/2001) |
| 04/27/2001 | | **Added party All Out Bail Bonding, Nikki DeJesus [ 8:01-m -291 ] (sjam) (Entered: 04/27/2001) |
| 04/27/2001 | | Sureties All Out Bail Bonding and Nikki DeJesus for Julian DeJesus**Add Red Dot Flag [ 8:01-m -291 ] (sjam) (Entered: 04/27/2001) |
| 04/27/2001 | | **Fax document [7-1] bond [ 8:01-m -291 ] (sjam) (Entered: 04/27/2001) |
| 05/02/2001 | | **Terminated attorney Lowell Martin for Lowell Martin [ 8:01-m -291 ] (kric) (Entered: 05/02/2001) |
| 05/02/2001 | | Added for Lowell Martin Attorney Benjamin Thomas Stepp [ 8:01-m -291 ] (kric) (Entered: 05/02/2001) |
| 05/22/2001 | 16 | CJA 23 FINANCIAL AFFIDAVIT by Lowell Martin [ 8:01-m -291 ] (sjam) (Entered: 05/22/2001) |
| 05/22/2001 | 17 | INDICTMENT as to Julian Saquan DeJesus (1) count(s) 1, Lowell Martin (2) count(s) 1, Michael Lee Foster (3) count(s) 1, Leonel Garcia (4) count(s) 1 (sjam) (Entered: 05/24/2001) |
| 05/22/2001 | 20 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin set Arraignment for 10:00 6/7/01 for Julian Saquan DeJesus, for Lowell Martin before Magistrate Judge George C. Kosko (sjam) (Entered: 05/24/2001) |
| 05/22/2001 | | Added Government Attorney Isaac Johnson Jr. (sjam) (Entered: 05/24/2001) |
| 06/05/2001 | | CASE assigned to Judge G. R. Anderson Jr. (former empl) (Entered: 06/05/2001) |
| 06/06/2001 | | Deadline updated as to Julian Saquan DeJesus, Lowell Martin, Michael Lee Foster, Leonel Garcia, set Jury trial for 9:00 7/9/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster, for Leonel Garcia before Judge G. R. Anderson Jr. (pbri) (Entered: 06/06/2001) |
| 06/07/2001 | 21 | Arraignment as to Julian Saquan DeJesus, Lowell Martin held before Magistrate Judge William M. Catoe Julian Saquan DeJesus (1) count(s) 1, Lowell Martin (2) count(s) 1 (Attorney: Ned Miller present with |

|  |  |  |
|---|---|---|
|  |  | Dejesus and Bill Godfrey retained for Martin, Ben Stepp to be terminated as counsel )Defendants present on BOND Defendants plead NOT GUILTY Location release Court reporter: Jean Cole (kric) (Entered: 06/07/2001) |
| 06/07/2001 |  | Added for Lowell Martin Attorney Everett P. Godfrey Jr. (kric) (Entered: 06/07/2001) |
| 06/07/2001 | 23 | MOTION by Lowell Martin for discovery (pbri) (Entered: 06/08/2001) |
| 06/07/2001 | 24 | MOTION by Lowell Martin for Brady (pbri) (Entered: 06/08/2001) |
| 06/12/2001 | 25 | ORDER as to Lowell Martin terminating appointed FPD for retained counsel Bill Godfrey. svd (Signed by Magistrate Judge William M. Catoe ) (sjam) (Entered: 06/13/2001) |
| 06/13/2001 |  | **Terminated attorney Benjamin Thomas Stepp for Lowell Martin as to Lowell Martin (sjam) (Entered: 06/13/2001) |
| 06/14/2001 |  | **Fax document [26-1] notice hearing reset Arraignment for 10:00 6/18/01 for Michael Lee Foster before Magistrate Judge William M. Catoe (sjam) (Entered: 06/14/2001) |
| 06/15/2001 |  | **Re-fax document [26-1] notice hearing reset Arraignment for 10:00 6/18/01 for Michael Lee Foster before Magistrate Judge William M. Catoe (sjam) (Entered: 06/15/2001) |
| 06/15/2001 | 27 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin set pretrial conference for 10:00 6/21/01 for Julian Saquan DeJesus, for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 06/15/2001) |
| 06/15/2001 |  | **Fax document [27-1] notice hearing set pretrial conference for 10:00 6/21/01 for Julian Saquan DeJesus, for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 06/15/2001) |
| 06/18/2001 |  | Surety for Michael Foster**Added party Foster Bail Bonds (sjam) (Entered: 06/18/2001) |
| 06/18/2001 |  | **Add Red Dot Flag (sjam) (Entered: 06/18/2001) |
| 06/18/2001 |  | Foster bond**Fax document [28-1] bond (sjam) (Entered: 06/18/2001) |
| 06/21/2001 | 32 | PRETRIAL CONFERENCE as to Lowell Martin held before Magistrate Judge William M. Catoe. Defendant present with counsel. Continuance requested without objection. ORAL ORDER Court Reporter: Wiseman. (kric) (Entered: 06/21/2001) |
| 06/22/2001 | 33 | ORDER as to Lowell Martin Continuing due to review discovery , reset Jury trial for 8/6/01 for Lowell Martin before Judge G. R. Anderson Jr. (Signed by Magistrate Judge William M. Catoe ) (pbri) (Entered: 06/22/2001) |

| 06/22/2001 | | **Re-fax document [33-1] relief Continuing due to review discovery (pbri) (Entered: 06/22/2001) |
|---|---|---|
| 07/05/2001 | | Deadline updated as to Julian Saquan DeJesus, Lowell Martin, Michael Lee Foster, Leonel Garcia, reset Jury trial for 9:00 8/6/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster, for Leonel Garcia before Judge G. R. Anderson Jr. (pbri) (Entered: 07/05/2001) |
| 07/16/2001 | 43 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin, Michael Lee Foster set pretrial conference for 10:00 7/26/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 07/16/2001) |
| 07/16/2001 | | **Fax document [43-1] notice hearing set pretrial conference for 10:00 7/26/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 07/16/2001) |
| 07/19/2001 | | To Karl Allen for DeJesus **Fax document [43-1] notice hearing set pretrial conference for 10:00 7/26/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (sjam) Modified on 07/19/2001 (Entered: 07/19/2001) |
| 07/23/2001 | | Re to Karl Allen**Fax document [45-1] order (sjam) (Entered: 07/23/2001) |
| 07/23/2001 | | **Fax document [44-1] notice appear/appearance (sjam) (Entered: 07/23/2001) |
| 07/24/2001 | 46 | ORDER as to Lowell Martin Continuing to review discovery , reset Jury trial for 9:00 9/4/01 for Lowell Martin before Judge G. R. Anderson Jr. (Signed by Magistrate Judge William M. Catoe ) EOD 7/24/01 SVD (pbri) (Entered: 07/24/2001) |
| 07/26/2001 | | **Terminated deadline(s) as to Julian Saquan DeJesus, Lowell Martin, Michael Lee Foster : pretrial conference (kric) (Entered: 07/26/2001) |
| 07/26/2001 | | ** Removed HRG flag. (kric) (Entered: 07/26/2001) |
| 08/14/2001 | 49 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin, Michael Lee Foster set pretrial conference for 10:00 8/23/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 08/15/2001) |
| 08/15/2001 | | **Fax document [49-1] notice hearing set pretrial conference for 10:00 8/23/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 08/15/2001) |
| 08/20/2001 | 50 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin, Michael Lee Foster reset pretrial conference for 9:00 8/23/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 08/20/2001) |

| | | |
|---|---|---|
| 08/20/2001 | | **Fax document [50-1] notice hearing reset pretrial conference for 9:00 8/23/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 08/20/2001) |
| 08/20/2001 | | **Re-fax document [50-1] notice hearing reset pretrial conference for 9:00 8/23/01 for Julian Saquan DeJesus, for Lowell Martin, for Michael Lee Foster before Magistrate Judge William M. Catoe (pbri) (Entered: 08/20/2001) |
| 08/21/2001 | 51 | ORDER as to Lowell Martin Continuing due to plea negotiations , reset Jury trial for 9:00 10/1/01 for Lowell Martin before Judge G. R. Anderson Jr. (Signed by Magistrate Judge William M. Catoe )EOD 8/21/01 SVD (pbri) (Entered: 08/21/2001) |
| 09/14/2001 | 58 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin set pretrial conference for 10:00 9/20/01 for Julian Saquan DeJesus, for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 09/14/2001) |
| 09/14/2001 | | **Fax document as to Everett P. Godfrey Jr., Karl B. Allen as to Julian Saquan DeJesus, Lowell Martin [58-1] notice hearing set pretrial conference for 10:00 9/20/01 for Julian Saquan DeJesus, for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 09/14/2001) |
| 09/19/2001 | 59 | ORDER as to Lowell Martin Continuing due to plea negotiations , reset Jury trial for 9:00 11/5/01 for Lowell Martin before Judge G. R. Anderson Jr. (Signed by Magistrate Judge William M. Catoe ) svd (sjam) (Entered: 09/19/2001) |
| 09/20/2001 | | HEARING CANCELLED - pretrial for Martin. Continuance order filed. (sjam) (Entered: 09/20/2001) |
| 09/20/2001 | | Pretrial cancelled** Removed HRG flag. (sjam) (Entered: 09/20/2001) |
| 10/17/2001 | 63 | NOTICE of Hearing as to Lowell Martin set pretrial conference for 10:00 10/25/01 for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 10/17/2001) |
| 10/17/2001 | | **Fax document as to Everett P. Godfrey Jr., Lowell Martin as to Lowell Martin [63-1] notice hearing set pretrial conference for 10:00 10/25/01 for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 10/17/2001) |
| 10/25/2001 | 64 | NOTICE of Hearing as to Julian Saquan DeJesus, Lowell Martin reset Change of Plea Hearing for 9:30 11/1/01 for Julian Saquan DeJesus, for Lowell Martin before Judge G. R. Anderson Jr. (pbri) (Entered: 10/25/2001) |
| 10/25/2001 | | **Fax document as to Everett P. Godfrey Jr., Karl B. Allen as to Julian Saquan DeJesus, Lowell Martin [64-1] notice hearing reset Change of |

|  |  | Plea Hearing for 9:30 11/1/01 for Julian Saquan DeJesus, for Lowell Martin before Judge G. R. Anderson Jr. (pbri) (Entered: 10/25/2001) |
|---|---|---|
| 10/25/2001 | 66 | PRETRIAL CONFERENCE as to Lowell Martin held before Magistrate Judge William M. Catoe Defendant present with counsel. Court Reporter: Stephanie Wiseman (pbri) (Entered: 10/25/2001) |
| 10/26/2001 | 67 | INFORMATION as to Lowell Martin (2) count(s) 1s (pbri) (Entered: 10/29/2001) |
| 10/31/2001 |  | HEARING CANCELLED - Change of Plea (pbri) (Entered: 10/31/2001) |
| 10/31/2001 | 69 | Plea Agreement as to Lowell Martin (pbri) (Entered: 10/31/2001) |
| 11/01/2001 | 70 | PLEA proffered by Lowell Martin as to count(s) 1 of the information. Court accepts plea, GUILTY PLEA ENTERED as to Lowell Martin (2) count(s) 1 Defendant remains on bond. (before Judge G. R. Anderson Jr. ) Court Reporter: Geri Kirkley (pbri) (Entered: 11/01/2001) |
| 11/01/2001 |  | **Procedural Interval start P9 as to Lowell Martin (2) count(s) 1s (pbri) (Entered: 11/01/2001) |
| 11/01/2001 | 71 | WAIVER OF INDICTMENT by Lowell Martin (pbri) (Entered: 11/01/2001) |
| 11/09/2001 | 74 | NOTICE of Hearing as to Lowell Martin set pretrial conference for 10:00 11/19/01 for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 11/09/2001) |
| 11/09/2001 |  | **Fax document as to Everett P. Godfrey Jr.as to Lowell Martin [74-1] notice hearing set pretrial conference for 10:00 11/19/01 for Lowell Martin before Magistrate Judge William M. Catoe (pbri) (Entered: 11/09/2001) |
| 11/19/2001 |  | HEARING CANCELLED - pretrial- already pled. (sjam) (Entered: 11/19/2001) |
| 11/19/2001 |  | ** Removed HRG flag. (sjam) (Entered: 11/19/2001) |
| 02/05/2002 | 78 | NOTICE of Hearing as to Lowell Martin set Sentencing for 9:30 2/12/02 for Lowell Martin before Judge G. R. Anderson Jr. (pbri) (Entered: 02/05/2002) |
| 02/05/2002 |  | **Fax document as to Everett P. Godfrey Jr., Lowell Martin as to Lowell Martin [78-1] notice hearing set Sentencing for 9:30 2/12/02 for Lowell Martin before Judge G. R. Anderson Jr. (pbri) (Entered: 02/05/2002) |
| 02/12/2002 | 80 | SENTENCING held before Judge G. R. Anderson Jr. Lowell Martin (2) count(s) 1s Witness(es) no, Objections to Pre-Sentence Report: no, Court Reporter: Kirkley (pbri) (Entered: 02/12/2002) |

| | | |
|---|---|---|
| 02/21/2002 | <u>83</u> | JUDGMENT Lowell Martin (2) count(s) 1s, 1 . The defendant is sentenced to 37 months imprisonment and 4 years supervised release. The defendant will not report until 6/1/02. Special assessment 100 ( Signed by Judge G. R. Anderson Jr ) SVD (pbri) (Entered: 02/22/2002) |
| 02/26/2002 | <u>85</u> | ORDER as to Lowell Martin granting [82-1] motion to amend [80-1] judgment as to Lowell Martin (2) (Signed by Judge G. R. Anderson Jr ) SVD (pbri) (Entered: 02/27/2002) |
| 03/08/2002 | <u>89</u> | ORDER for substitution of counsel as to Lowell Martin (Signed by Judge G. R. Anderson Jr ) SVD (pbri) (Entered: 03/08/2002) |
| 03/08/2002 | | **Terminated attorney Everett P. Godfrey for Lowell Martin as to Lowell Martin (pbri) (Entered: 03/08/2002) |
| 03/08/2002 | | Added for Lowell Martin Attorney Beattie B. Ashmore Per: 03/08/02 order #89 (pbri) Modified on 03/12/2002 (Entered: 03/08/2002) |
| 03/12/2002 | <u>92</u> | AMENDED JUDGMENT: The defendant is sentenced to 37 months imprisonment and 4 years supervised release. It is recommended to the bureau of prisons that the defendant be allowed to enter the shock incarceration program. Special assessment 100 ( Signed by Judge G. R. Anderson Jr ) SVD (pbri) (Entered: 03/13/2002) |
| 03/15/2002 | | RETURN OF SEALED PRESENTENCE REPORT TO US PROBATION as to Lowell Martin (pbri) (Entered: 03/15/2002) |
| 05/08/2002 | <u>93</u> | MOTION by Lowell Martin to amend [92-1] judgment order (pbri) (Entered: 05/09/2002) |
| 05/15/2002 | <u>94</u> | ORDER as to Lowell Martin granting [93-1] motion to amend [92-1] judgment order as to Lowell Martin (2) (Signed by Judge G. R. Anderson Jr ) (pbri) (Entered: 05/15/2002) |
| 05/15/2002 | | **Fax document as to Beattie B. Ashmore as to Lowell Martin [94-1] order (pbri) (Entered: 05/15/2002) |
| 05/29/2002 | <u>95</u> | AMENDED JUDGMENT: Lowell Martin (2) count(s) 1s. The defendant is sentenced to 37 months imprisonment and 4 years supervised release. 100 Special Assessment ( Signed by Judge G. R. Anderson Jr ) SVD (pbri) (Entered: 05/30/2002) |
| 06/25/2002 | <u>97</u> | Judgment Returned Executed as to Lowell Martin ; on 6/3/02 at Maxwell AFB (pbri) (Entered: 06/25/2002) |

RECEIVED

2005 NOV 21 PM 2:01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**ORIGINAL FILED**

OCT 2 6 2001

**LARRY W. PROPES, CLERK
U. S. DISTRICT COURT**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

UNITED STATES OF AMERICA )        CR. NO. _____
                                              )                21 USC § 841(a)(1)
                        v.                    )                21 USC § 846
                                              )
**LOWELL MARTIN**              )        **INFORMATION**

## COUNT 1

**THE UNITED STATES ATTORNEY CHARGES:**

Beginning at a date unknown to the United States Attorney, but at least from in or about March 2001 and continuing up to and including April 25, 2001, in the District of South Carolina and elsewhere, the defendant, **LOWELL MARTIN,** did knowingly, intentionally, and unlawfully conspire, confederate and agree and have tacit understanding with others known and unknown to the Grand Jury to possess with intent to distribute 500 grams or more but less than 5 kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

s/ Scott N. Schools
_____
SCOTT N. SCHOOLS        (ilj/sab)
UNITED STATES ATTORNEY

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY: _____
DEPUTY CLERK

Possible penalties for 21 USC 841(a)(1):

## COCAINE

21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and no prior felony drug convictions - a minimum term of imprisonment of not less than 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of XXX $100 after 4/24/96.

21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and one prior felony drug conviction - a minimum term of imprisonment of not less than 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of XXX $100 after 4/24/96.

21 USC 841(a)(1), (b)(1)(A) in a case involving 5 kilograms or more of cocaine and two or more prior felony drug convictions - a mandatory term of life imprisonment, no probation, no parole, a fine of $8,000,000, plus a special assessment of XXX $100 after 4/24/96.

21 USC 841(a)(1), (b)(1)(B) in a case involving less than 5 kilograms but 500 grams or more of cocaine and no prior felony drug convictions - a minimum term of imprisonment of not less than five (5) years and a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of XXX $100 after 4/24/96.

21 USC 841(a)(1), (b)(1)(B) in a case involving less than 5 kilograms but 500 grams or more of cocaine and one or more prior felony drug convictions - a minimum term of imprisonment of not less than ten (10) years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least eight (8) years in addition to any term of imprisonment, plus a special assessment of XXX $100 after 4/24/96.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 500 grams of cocaine and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of XXX $100 after 4/24/96.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 500 grams of cocaine and one or more prior felony drug convictions - a maximum term of imprisonment of 30 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of XXX $100 after 4/24/96.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

**ORIGINAL FILED**

**OCT 3 1 2001**

**LARRY W. PROPES, CLERK**
**U. S. DISTRICT COURT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No:  8:01-291-2 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| **LOWELL JEFFREY MARTIN** | ) | |
| | ) | |

AGREEMENT made this **25th** day of **October**, 2001, between and among

the United States of America, as represented by United States Attorney Scott N. Schools, Assistant

United States Attorney Isaac Johnson, Jr.; the Defendant, **LOWELL JEFFREY MARTIN**, and

Defendant's Attorney, Bill Godfrey, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as

follows:

1.    The Defendant, **LOWELL JEFFREY MARTIN**, agrees to waive Indictment, FED.

R. CRIM. P. 7(b), and arraignment, FED. R. CRIM. P. 10 and agrees to plead guilty to an

Information charging conspiracy to possess with intent to distribute 500 grams or more but less than

5 kilograms of cocaine, in violation of Title 21 United States Code, Section 846 F.R. CRIM. P. 11.

2.    The Defendant, **LOWELL JEFFREY MARTIN**, agrees to consent to the

commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

3.    The Defendant, **LOWELL JEFFREY MARTIN**, agrees to be fully truthful and

forthright with the United States Attorney's Office for the District of South Carolina and federal law

enforcement agents in their investigation of the importation and distribution of controlled substances,

money laundering, firearms offenses, income tax evasion and other unlawful activities, to include,

but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning the

**A TRUE COPY**
ATTEST: LARRY W. PROPES, CLERK

BY: 
**DEPUTY CLERK**

importation and distribution of controlled substances, money laundering, firearms offenses, income tax evasion and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents of any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above: (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district: (3) the Attorneys for the Government may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

4.      The Defendant, **LOWELL JEFFREY MARTIN**, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant, **LOWELL JEFFREY MARTIN**, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole

-2-

discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

5.    The Attorneys for the Government agree that no information will be filed pursuant to 21 U.S.C. § 851 seeking an enhanced minimum penalty based on a prior drug conviction.

6.    The Attorneys for the Government agree that any self-incriminating information provided by the Defendant, **LOWELL JEFFREY MARTIN**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **LOWELL JEFFREY MARTIN**, in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8, United States Sentencing Commission Guidelines.

7.    Provided the Defendant, **LOWELL JEFFREY MARTIN**, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence

pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant, **LOWELL JEFFREY MARTIN**, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

8.    The Defendant, **LOWELL JEFFREY MARTIN**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed in conformity with the United States Sentencing Commission Guidelines, Application Notes and Policy Statements. The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED. R. CRIM. P. 11(f).

9.    The Attorneys for the Government agree to advise the sentencing Court of the extent and value of the Defendant's cooperation if called upon to do so by the Defendant, **LOWELL JEFFREY MARTIN**.

10.    The parties agree that pursuant to USSG section 3B1.2(a) the defendant was a

minimal participant in the conspiracy.

11.     The Defendant, **LOWELL JEFFREY MARTIN**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

12.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.


10-25-01
DATE

_Lowell Geoffrey Martin_
LOWELL JEFFREY MARTIN, Defendant


10-25-01
DATE

Bill Godfrey
Attorney for the Defendant


10/25/01
DATE

SCOTT N. SCHOOLS
UNITED STATES ATTORNEY

BY:
Isaac Johnson, Jr.
Assistant U. S. Attorney


-5-

# United States District Court
# District of South Carolina

UNITED STATES OF AMERICA

vs.

LOWELL GEOFFREY MARTIN

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 8:01-291-2

ENTERED
FEB 22 2002

BILL GODFREY
Defendant's Attorney

FILED
FEB 21 2002

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

**THE DEFENDANT:**

■ pleaded guilty to count(s) 1s of the Information on November 1, 2001

☐ pleaded nolo contendere to count(s) on which was accepted by the court.

☐ was found guilty on count(s) on
after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | Please see information | April 25, 2001 | 1s |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

■ The original indictment ■ is dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: June 30, 1975
Defendant's USM No.: 97448-071

Defendant's Residence Address:

1115 North Three Notch Street
Troy, Alabama 26081

Defendant's Mailing Address:
1115 North Three Notch Street
Troy, Alabama 26081

February 12, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

G. Ross Anderson, Jr.
Name and Title of Judicial Officer
20 Feb , 2002
Date

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY:

DEPUTY CLERK

83

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: LOWELL GEOFFREY MARTIN
CASE NUMBER: 8:01-291-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-SEVEN (37) months.

■ The court makes the following recommendations to the Bureau of Prisons:
1. It is recommended that the defendant be incarcerated at the facility in or near Montogomery, Alabama.
1. It is recommended that the defendant    continue education while incarcerated (via correspondence courses).

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ _____

  ☐ as notified by the United States Marshal.

■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons after June 1, 2002, as long as the defendant maintains passing grades :

  ☐ before 2 p.m. on

  ■ as notified by the United States Marshal after June 1, 2002.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 3 - Supervised Release

DEFENDANT: LOWELL GEOFFREY MARTIN
CASE NUMBER: 8:01-291-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>4 years</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.



AO 245B    SCD (Rev. 2/01) Judgment in a Criminal Case
Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: LOWELL GEOFFREY MARTIN
CASE NUMBER: 8:01-291-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐  Lump sum payment of $_____ due immediately, balance due

   ☐  not later than , or

   ☐  in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B ☒  Payments to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years), to
   commence  after the date of this judgment; or

D ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years), to
   commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐  Special instructions regarding the payment of criminal monetary penalties:
Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of
imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary
penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are
made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed
   _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court
costs.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

## CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the **"Clerk, U.S. District Court"** unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$ 100.00** | **$ NA** | **$ NA** |

☐   The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total <br>Amount of Loss | Amount of <br>Restitution Ordered | Priority Order or <br>Percentage <br>of Payment |
|---|---|---|---|
| | | | |

**SEE *VICTIMS LIST* OF VICTIMS. $**

☐   If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . **$**

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
     ☐   The interest requirement is waived for the ☐ fine and/or ☐ restitution.
     ☐   The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# United States District Court
# District of South Carolina

ENTERED

MAR 1 3 2002

UNITED STATES OF AMERICA

vs.

LOWELL GEOFFREY MARTIN

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

FILED

**Date of Original Judgment:** February 21, 2002
*(or Date of Last Amended Judgment)*
**Reason for Amendment:**

Case Number: 8:01-291-2
Bill Godfrey
Defendant's Attorney

MAR 1 2 2002

LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

☐ Correction of Sentence on Remand
(Fed.R.Crim.P.35(a))

☐ Reduction of Sentence for Changed
Circumstances (Fed.R.Crim.P.35(b))

☐ Correction of sentence by Sentencing Court
(Fed.R.Crim.P.35(c))

☐ Correction of Sentence for Clerical mistake
(Fed.R.Crim.P.36)

■ Modification of Recommendations to the Bureau of Prisons

☐ Modification of Imposed Term of Imprisonment for
Extraordinary and Compelling Reasons (18 U.S.C.
§3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for
Retroactive Amendment(s) to the Sentencing Guidelines (18
U.S.C. §3582(c)(2))
Direct Motion to District Court Pursuant to
☐ 28 U.S.C.§2255,      ☐ 18 U.S.C.§3559(c)(7), or

**THE DEFENDANT:**

☐ Modification of Restitution Order

■ pleaded guilty to count(s) 1s on 11/1/01.

☐ pleaded nolo contendere to count(s) on which was accepted by the court.

☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841 (a) (1) | Please see information | 4/25/01 | 1s |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).

■ The original indictment ■ is dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 6/30/75
Defendant's USM No.: 97448-071

Defendant's Residence Address:
1115 North Three Notch Street
Troy, Alabama 26081

Defendant's Mailing Address:
1115 North Three Notch Street
Troy, Alabama 26081

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY: _____
DEPUTY CLERK

February 26, 2002
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Hon. G. Ross Anderson, Jr., USDJ
Name and Title of Judicial Officer
March ___ , 2002
Date

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-SEVEN <u>(37) months.</u>

■    The court makes the following recommendations to the Bureau of Prisons:
1. It is recommended that the defendant be incarcerated at the facility in or near Montogomery, Alabama.
2. It is recommended that the defendant continue education while incarcerated (via correspondence courses).
3. It is recommended that the defendant be allowed to enter the Shock Incarceration Program.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ _____

     ☐ as notified by the United States Marshal.

■    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons after June 1, 2002, as long as the defendant maintains passing grades :

     ☐ before 2 p.m. on

     ■ as notified by the United States Marshal after June 1, 2002.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
                             UNITED STATES MARSHAL

By _____
                            Deputy United States Marshal

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>4 years</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: LOWELL GEOFFREY MARTIN
CASE NUMBER: 8:01-291-2

## CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the **"Clerk, U.S. District Court"** unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ NA | $ NA |

☐    The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|

**SEE *VICTIMS LIST* OF VICTIMS. $**

☐    If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . **$**

☐    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
        ☐    The interest requirement is waived for the ☐ fine and/or ☐ restitution.
        ☐    The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     SCD (Rev. 2/01) Judgment in a Criminal Case
            Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☐  Lump sum payment of <u>$</u>   due immediately, balance due

     ☐  not later than , or

     ☐  in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B  ■  Payments to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ E below); or

C  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of <u>$</u> over a period of (e.g., months or years), to commence  after the date of this judgment; or

D  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of <u>$</u> over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# United States District Court
# District of South Carolina

FILED
MAY 29 2002
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

UNITED STATES OF AMERICA
vs.
<u>LOWELL G MARTIN</u>

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: <u>8:01-291-2</u>    ENTERED
<u>Beattie Ashmore</u>    MAY 30 2002
Defendant's Attorney

**Date of Original Judgment:** <u>March 12, 2002</u>
*(or Date of Last Amended Judgment)*
**Reason for Amendment:**

☐ Correction of Sentence on Remand
    (Fed.R.Crim.P.35(a))
☐ Reduction of Sentence for Changed
    Circumstances (Fed.R.Crim.P.35(b))
☐ Correction of sentence by Sentencing Court
    (Fed.R.Crim.P.35(c))
☐ Correction of Sentence for Clerical mistake
    (Fed.R.Crim.P.36)

**THE DEFENDANT:**

■ Modification of Recommendations to the Bureau of Prisons
☐ Modification of Imposed Term of Imprisonment for
    Extraordinary and Compelling Reasons (18 U.S.C.
    §3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for
    Retroactive Amendment(s) to the Sentencing Guidelines (18
    U.S.C. §3582(c)(2))
    Direct Motion to District Court Pursuant to
        ☐ 28 U.S.C.§2255,    ☐ 18 U.S.C.§3559(c)(7), or
    ☐ Modification of Restitution Order

■ pleaded guilty to count(s) <u>1s</u> on <u>11/1/01</u>.
☐ pleaded nolo contendere to count(s) on which was accepted by the court.
☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| <u>Title & Section</u> | <u>Nature of Offense</u> | Date Offense <u>Concluded</u> | Count <u>Number(s)</u> |
|---|---|---|---|
| <u>21:841 (b) (1) (B)</u> | Please see information | <u>4/25/01</u> | <u>1s</u> |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed
pursuant to the Sentencing Reform Act of 1984.
☐  The defendant has been found not guilty on count(s).
■  The original indictment is dismissed on the motion of the United States.
☐  Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any
change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this
judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any
material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: <u>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</u>
Defendant's Date of Birth: <u>6/30/75</u>
Defendant's USM No.:    <u>97448-071</u>

Defendant's Residence Address:
<u>1115 North Three Notch Street</u>
<u>Troy, Alabama 26081</u>

Defendant's Mailing Address:
<u>1115 North Three Notch Street</u>
<u>Troy, Alabama 26081</u>

<u>May 15, 2002</u>
Date of Imposition of Judgment

Signature of Judicial Officer

<u>Hon. G. Ross Anderson, Jr., USDJ</u>
Name and Title of Judicial Officer

May <u>28</u>, 2002
Date

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY:
DEPUTY CLERK

95

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-SEVEN <u>(37) months.</u>

■ The court makes the following recommendations to the Bureau of Prisons:

1. It is recommended that the defendant be incarcerated at the facility in or near Montogomery, Alabama.
2. It is recommended that the defendant continue education while incarcerated (via correspondence courses).
3. It is recommended that the defendant be allowed to enter the Shock Incarceration Program.
4. It is recommended that the defendant be allowed to participate in the residential drug treatment program while incarcerated.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ _____

☐ as notified by the United States Marshal.

■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons after June 1, 2002, as long as the defendant maintains passing grades :

☐ before 2 p.m. on

■ as notified by the United States Marshal after June 1, 2002.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>4 years</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the **"Clerk, U.S. District Court"** unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$ 100.00** | **$ NA** | **$ NA** |

☐ The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

**SEE *VICTIMS LIST* OF VICTIMS. $**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ The interest requirement is waived for the ☐ fine and/or ☐ restitution.
    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    SCD (Rev. 2/01) Judgment in a Criminal Case
        Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: <u>LOWELL GEOFFREY MARTIN</u>
CASE NUMBER: <u>8:01-291-2</u>

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than , or

      ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

B ■ Payments to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C ☐ Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years), to commence  after the date of this judgment; or

D ☐ Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:
Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.